UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00197-FDW

| | |
|---|---|
| Alfred B. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Carolyn W. COLVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 6) and Defendant's Motion for Summary Judgment (Doc. No. 8). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405(g) (2012). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, the Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's ruling is AFFIRMED.

**I.     Background**

The procedural history is not in dispute. Plaintiff applied for disability insurance benefits on January 19, 2011, claiming disability and an inability to work. (Tr. 239). Plaintiff originally alleged that his disability onset date was April 1, 2009. (Tr. 18). Plaintiff later amended his alleged onset date of disability to January 1, 2011. (Tr. 18). Plaintiff's application was denied initially, (Tr. 87), and upon reconsideration (Tr. 97). Plaintiff timely requested a hearing, (Tr. 139), which was held on July 25, 2012, by an Administrative Law Judge ("ALJ") (Tr. 32). The ALJ denied Plaintiff's claim, (Tr. 107), and Plaintiff requested an Appeals Council review (Tr.

186). The Appeals Council remanded the claim to the ALJ for a new hearing. (Tr. 122). The ALJ conducted a second hearing on August 11, 2014. (Tr. 54).

In this second hearing, the ALJ again found that Plaintiff was not disabled. (Tr. 15). At step one of disability analysis, the ALJ found that Plaintiff met insured status requirements and was not engaged in substantial gainful activity since the onset of the disability. (Tr. 20). At step two, the ALJ found that Plaintiff suffered from several severe impairments: chronic obstructive pulmonary disease ("COPD"), obstructive sleep apnea ("OSA"), and a history of vertigo. Id. However, these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step three.) Id. At step four, the ALJ found that Plaintiff maintained "the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c)[,]" but "must avoid concentrated exposure to fumes[,] hazardous machines and heights." (Tr. 22). Based on this finding, the ALJ found that Plaintiff could not perform past relevant work, (Tr. 24), but could perform a significant number of other jobs (step five). (Tr. 25). Therefore, the ALJ found that Plaintiff was not disabled and denied his claim. Id. Plaintiff then requested another review of the hearing decision, (Tr. 14), and the request was denied by the Appeals Council on March 6, 2015. (Tr. 1).

Plaintiff filed the present action seeking judicial review under 42 U.S.C. § 405(g) on May 4, 2015. Plaintiff has four assignments of error in his supplemental brief. (Doc. No. 7, p. 5). First, Plaintiff contends that the Appeals Council erred when it did not vacate the ALJ's decision based on new evidence submitted to the Appeals Council. Id. at 5–8. Second, Plaintiff contends that the ALJ improperly assessed the weight given to the treating physician. Id. at 8–13. Third, Plaintiff contends that the ALJ failed to consider his mental health limitations on a function-by-function

basis when calculating his residual functional capacity ("RFC"). Id. at 13–18. Finally, Plaintiff alleges that the ALJ erred in assessing Plaintiff's credibility. Id. at 18–24. Plaintiff requests a remand to the ALJ to reconsider his RFC and credibility. Id. at 25. Plaintiff also requests, upon remand, the ALJ more fully articulate his reasons regarding weight given to medical opinions, Plaintiff's RFC and credibility. Id. The parties' Motions are now ripe for disposition.

## II. Standard of Review

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. Id. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. Id. § 404.1520(a)(4)(v).

This Court's review of a final decision by the Commissioner is authorized pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court's review is limited to 1) whether substantial evidence supports the Commissioner's decision and 2) whether the Commissioner applied the correct legal

standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Even if the reviewing court would have come to a different conclusion, it must uphold the Commissioner's decision if the decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The substantial evidence standard is met if a reasonable mind can use the amount of evidence to support a conclusion. Craig, 76 F.3d at 589. The substantial evidence level rests somewhere above a mere scintilla of evidence, but may be lower than a preponderance of the evidence. Id.

### III. Analysis

Plaintiff raises four issues for this Court to consider if remand is appropriate: 1) that the Appeals Council should have considered "new evidence" submitted to it and vacated the ALJ decision, 2) that the ALJ erred in determining weight of treating physician opinion, 3) that the ALJ failed to do a function-by-function analysis to account for Plaintiff's alleged mental limitations, and 4) that the ALJ erred in determining Plaintiff credibility. This Court will now consider these issues in turn.

A. "New Evidence" Submitted to Appeals Council

Plaintiff submitted letter opinions from Dr. Kannan (treating physician), (Tr. 579), and Dr. Jervis (treating pulmonologist), (Tr. 578), to the Appeals Council. Plaintiff, in his supplemental brief, contends that these documents fill an evidentiary gap as to Plaintiff's ability to lift and carry. The Appeals Council considered these documents, but did not find "a basis for changing the

4

[ALJ's] decision." (Tr. 2). This Court does not find that these documents provide adequate basis for remand to the ALJ.

Plaintiffs are allowed to submit "new and material" evidence for consideration to the Appeals Council pursuant to 20 C.F.R. § 404.970(b). The Appeals Council must then "evaluate the entire record including the new and material evidence." 20 C.F.R. § 404.970(b). The Appeals Council can deny the request for review if it "finds the ALJ's action, findings or conclusions not contrary to the weight of the evidence[.]" Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011). If the Appeals Council denies the request for review, it does not need to explain its rationale for denying review. Id.

This Court has the authority to remand a case based on new evidence submitted to the Appeals Council under Sentence Six of 42 U.S.C. § 405(g). In order for Sentence Six remand to be appropriate, the belated evidence must be new and material. Wilkins v. Sec'y, Health & Human Servs, 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is new if "no other evidence specifically addressed this issue." See id. Evidence is material if it has "a reasonable possibility" for changing the outcome of a case. Meyer, 662 F.3d at 705 (citation omitted). Furthermore, there must be "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The burden is on the plaintiff to show that Sentence Six requirements are met. Hayes v. Colvin, No. 2:12-CV-4, 2013 WL 5729538, at *3 (W.D.N.C. Oct. 21, 2013).

Here, the Court finds that Plaintiff's belated evidence is not "new" because the ALJ found substantial evidence regarding Plaintiff's ability to lift and carry. See Wilkins, 953 F.2d at 96 (finding that evidence was new when "no other evidence specifically addressed [the] issue"). Meyer also does not function as a *per se* rule that grants remand whenever **any** evidence is

5

presented to the Appeals Council. See Meyer, 662 F.3d at 707 ("[T]he lack of such additional fact finding does not render judicial review "impossible" – as long as the record provides "an adequate explanation of [the ALJ's] decision.")(citation omitted). If the ALJ's ruling is supported by substantial evidence, a reviewing court should still affirm. Id. Both of Plaintiff's pieces of belated evidence relate to his ability to carry and lift. However, the ALJ expressly considered evidence in his decision on the Plaintiff's ability to lift/carry. The State agency medical consultants found that the Plaintiff was capable of medium work. (Tr. 24). Plaintiff's wife testified that Plaintiff was able to lift up to 60 pounds and "had no difficult[y] in performing household chores such as cleaning, laundry, household repairs and yard work." (Tr. 23). Plaintiff himself testified that he stopped working his previous job as a machine operator (lifting up to 35 to 45 pounds) not because of a disability, but because "his company moved." (Tr. 22). When belated evidence is controverted by existing evidence considered by the ALJ, remand is not appropriate. See Meyer, 662 F.3d at 707; see also Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff has not shown good cause to this Court for why either of these documents were not made part of the record at the ALJ hearing. This Court notes Defendant's question regarding the materiality of Dr. Kannan's note in assessing Plaintiff's disability. (Doc. No. 9, p. 6). However, even if we assume that both of these documents were new and material, Plaintiff still must show good cause for why this evidence was not presented earlier. See 42 U.S.C. § 405(g). Plaintiff has the burden of persuasion to demonstrate limitations to calculate his RFC at step four of disability analysis. See 20 C.F.R. §§ 404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion . . . to demonstrate RFC

remains on the claimant . . . ."). Plaintiff did not produce this evidence earlier, and this Court finds that he has not shown good cause for failing to provide it to the ALJ.

This Court also does not find Dr. Jervis's note material to the ALJ's decision. Evidence is material if it has "a reasonable possibility" for changing the ALJ determination. Meyer, 662 F.3d at 705 (citation omitted). Dr. Jervis's note stated that "[Plaintiff] reports that he is not able to carry weight such as 25 pounds or 50 pounds with any degree of frequency. At age 60, carrying weights of this magnitude is probably not a good idea or in his best interests." (Tr. 578). This note does not contain any findings to Plaintiff's specific limitations. Instead, it repeats Plaintiff's self-described limitations and provides a generalization to an age group. Age is not a relevant factor in assessing RFC. SSR 96-8p, 1996 WL 374184, at *1 (1996). There is not a reasonable possibility for this evidence to change an ALJ decision.

Plaintiff further contends that the Appeals Council "did not provide any analysis of the opinions" when denying review. (Doc. No. 7, p. 6). However, the Appeals Council is not required to explain its reasoning when denying a request for review. Meyer, 662 F.3d at 706. "Only if the Appeals Council grants a request for review . . . is the Appeals Council required to make findings of fact and explain its reasoning." Id.

For the reasons stated above, this Court does not find that the plaintiff's belated evidence gives sufficient reason for a Sentence Six remand to the ALJ.

B. Opinion of Treating Physician

Plaintiff also contends that the ALJ erred by giving less weight to his treating physician's opinion. (Doc. No. 7, p. 8–13). Dr. Jervis provided an opinion in July 2012 that said Plaintiff "has reasonable exercise tolerance and may work in light duty, but should not lift more than 10-15

7

pounds." (Tr. 441). The ALJ gave little weight to this opinion, finding it "inconsistent with the medical record." (Tr. 24).

The Fourth Circuit has previously held that a treating physician's testimony does not need to "be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). "[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); see 20 C.F.R. § 404.1527(d)(1). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. The ALJ must also explain the weight they give to differing assessments. See Mascio v. Colvin, 780 F.3d 632, 637 (holding that remand was appropriate when the ALJ did not explain how they concluded that one assessment should be given more weight than another).

The Court finds that the ALJ's determination to give Dr. Jervis's opinion less weight was properly determined based on substantial evidence. See Craig, 76 F.3d at 590. As the ALJ explained, Dr. Jervis never discussed any weight lifting restrictions or tests in his own physical examination notes. Id. Dr. Jervis's finding was also inconsistent with Dr. Jervis's own recommendation for Plaintiff to continue a strenuous aerobic exercise routine. Id. Furthermore, Plaintiff's wife testified that Plaintiff could lift up to 60 pounds and had no limitations in performing yardwork and household chores. (Tr. 23). Plaintiff's COPD and OSA symptoms were found to be stable, and Dr. Jervis stated that Plaintiff was "remarkabl[y] well compensated with regard to COPD." (Tr. 24). The ALJ explained that all of these factors were inconsistent with Dr.

Jervis's opinion that Plaintiff could lift and carry a maximum of 15 pounds, and therefore, gave less weight to Dr. Jervis's opinion. Id. Unlike Mascio, the ALJ here also explained his determination of the weight of the treating physician opinion, pointing to evidence in the record. See Mascio, 780 F.3d at 637. We find no error.

Plaintiff contends that the ALJ erred in determining weight of treating physician opinion because it changed its assessment of Dr. Jervis's opinion between the two ALJ hearings. (Doc. No. 7, p. 8–10). However, one of Appeals Council instructions upon remand of the first hearing was to reconsider and reevaluate Dr. Jervis's medical opinion, which the ALJ did. (Tr. 18). Because the ALJ's assessment of Dr. Jervis's opinion regarding the carrying ability of Plaintiff is supported by substantial evidence articulated in the decision, this Court does not find grounds for remand.

C. Function-by-function Analysis

Plaintiff contends that the ALJ erred by failing to conduct a function-by-function analysis for his alleged mental limitations in calculating Plaintiff's RFC. (Doc. No. 7, p. 13–18). At step four of disability determination, the ALJ assesses the claimant's RFC, or what a claimant can still do, factoring in "all of [the claimant's] medically determinable impairments of which [the ALJ] is aware." 20 C.F.R. § 416.945(a)(2). This analysis includes the "medically determinable impairments" that are not classified as "severe" in previous steps. Id. Both physical and mental limitations are considered. Id. § 416.945(a)(1). In Mascio, the Fourth Circuit remanded the case because the ALJ did not conduct a function-by-function analysis of the plaintiff's moderate mental limitations. 780 F.3d at 636. However, the Fourth Circuit was careful to explicitly reject a *per se* rule requiring remand in the absence of a function-by-function analysis. See id. Instead, remand

9

was appropriate in Mascio because the ALJ's analysis was extremely inadequate and "frustrate[d] meaningful review." Id. (citation omitted). Specifically, the ALJ in Mascio neglected any explanation of resolving contradictory RFC's, and made no attempt to explain the weight given to one RFC over the other. Id. at 637.

Here, the ALJ has provided sufficient explanation for why Plaintiff's alleged mental limitations were not considered at the RFC stage. Plaintiff represents that the ALJ found mild restrictions in activities of daily living and social functioning as a result of depression. (Doc. No. 7, p. 16). This Court first questions whether the ALJ found "medically determinable" mental limitations at all. See 20 C.F.R. § 404.1520(a)(2). The ALJ actually "[found] *no more than* 'mild' limitations in activities of daily living, social functioning . . . ." (Tr. 21) (emphasis added). The ALJ also stated, "In terms of the claimant's alleged depression, there is insufficient evidence demonstrating that symptoms impose greater than minimal limitations on the claimant's ability to perform basic work activity." Id. To reach this conclusion, the ALJ pointed to the lack of a treatment history and diagnosis by treating physicians. Id. Furthermore, Plaintiff did not bring forth any evidence to support his contention of depression at the hearing. Id. The only evidence supporting Plaintiff's alleged depression was that he was once prescribed anti-depressant medication in May 2012, but there was no indication that Plaintiff continued to take this medication or sought further treatment. Id. Based on this evidence, or lack thereof, the ALJ determined that "the evidence indicates that his symptoms were more so situational at the time and have since resolved." Id. Contrary to Plaintiff's contentions, substantial evidence supports the ALJ's analysis of any limitations in daily living or social functioning as a result of Plaintiff's alleged depression.

Even assuming, *in arguendo*, that the ALJ found mild mental limitations, remand is not required just because the ALJ did not perform a function-by-function analysis. Mascio only requires a remand when an ALJ's opinion is "sorely lacking" in a manner that "frustrates meaningful review." 780 F.3d at 636–37. Here, the ALJ explained at length, using evidence from the record, why Plaintiff's alleged depression was not significant enough to limit his ability to work. (Tr. 21). This Court finds no reason to remand based on a lack of a function-by-function analysis for Plaintiff's alleged depression and mental limitations.

D. Determination of Plaintiff's Credibility

Plaintiff contends that the ALJ erred in determining his credibility. Plaintiff argues that his claims for subjective limitations should not be rejected based on his treating physicians comments that he is "doing well" or "stable." (Doc. No. 7, p. 20–23). Plaintiff cites Kellough v. Heckler, which states, "the isolated references in the physician's notes to 'feeling well' and 'normal activity' are not a substantial basis for rejecting . . . the claimant's subjective complaints of exertional limitation." 785 F.2d 1147, 1153 (4th Cir. 1986). However, the ALJ utilized far more evidence than "isolated references" to reach his decision, including: medical tests, treatment plans, medication effectiveness, family member testimony, and doctor recommendations. The ALJ found that pulmonary function tests "have only shown mild breathing difficulty" and treating physicians reported that Plaintiff's symptoms were "mild." (Tr. 23). The ALJ considered Plaintiff's wife's testimony of Plaintiff's ability to perform daily tasks (including yardwork and household repairs) and found them "generally unsupportive of disabling limitations as alleged." Id. The ALJ also asserted that Dr. Jervis's recommendation for Plaintiff to continue a rigorous exercise routine (including 45 minutes on a Stairmaster and treadmill twice a week) was "clearly

11

inconsistent" with "disabling respiratory problems."  Id. at 24.  Based on this evidence, this Court finds that the ALJ's determination of Plaintiff credibility was based on substantial evidence.

Plaintiff argues that "[t]he ALJ in this case used a boilerplate credibility finding."  (Doc. No. 7, p. 18).  The language in the ALJ decision that Plaintiff points to states:

> After careful consideration of the evidence, the undersigned finds that the claimaint's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible *for the reasons explained in this decision*.

(Tr. 23) (emphasis added).  Plaintiff claims that the use of a "boilerplate" credibility determination becomes grounds for remand under Mascio.  The Court finds this argument unpersuasive.  As mentioned in the text Plaintiff identifies, the ALJ proceeded to give reasons for his decision.  The ALJ continued in subsequent paragraphs to explain in detail the evidence that weighed against Plaintiff's credibility.  (Tr. at 23–24).  The boilerplate language in Mascio was troubling because the decision included no further explanation as to the plaintiff's credibility.  See 780 F.3d at 639 ("The ALJ's error would be harmless if he properly analyzed credibility elsewhere.").  Mascio does not bar ALJs from using introductory paragraphs in their decisions to explain in greater detail later, as is the case here.

Plaintiff also argues that the ALJ did not explain how evidence of Plaintiff being able to do daily and routine chores around the house "is the equivalent of working full time 8-hours per day, 5 days per week at the medium level of exertion."  (Doc. No. 7, p. 23–24).  Plaintiff appears to be arguing that evidence towards his credibility should have been weighed against his RFC determination.  However, this is precisely the type of analysis that Mascio criticizes.  780 F.3d at 639 (holding that RFC cannot be determined before credibility and alleged functional limitations

should be compared to other evidence on the record).  The ALJ was correct in not providing this type of explanation when assessing credibility.  Instead, the RFC should be determined by examining all of the relevant evidence on the record, including credibility.  See id.  The ALJ appropriately does so here, and we find no error.  (Tr. 23–25).

This Court finds that the ALJ's determination of Plaintiff's credibility was based on appropriate legal standards and supported by substantial evidence.

## IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED, and the Commissioner's decision is AFFIRMED.  The Clerk's Office is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: June 13, 2016

Frank D. Whitney
Chief United States District Judge